IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **BEVERLEY A. MULL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | Case No. 07 C 6965 |
| v. | ) | Judge Castillo |
| | ) | Magistrate Judge Ashman |
| **ABBOTT LABORATORIES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### DEFENDANT'S RULE 12(b)(6) MOTION TO DISMISS

**I.   INTRODUCTION**

1. Defendant Abbott Laboratories ("Defendant"), by and through its undersigned counsel, hereby moves this Honorable Court to dismiss Counts I and II of Plaintiff Beverly A. Mull's ("Plaintiff") Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.  Plaintiff's claims are either time-barred or bereft of any basis for asserting a claim against Defendant under the heightened pleading requirements set forth in <u>Bell Atlantic Corp v. Twombly</u>, 127 S. Ct. 1955 (2007).  In support of its Motion, Defendant states as follows:

**II.   STATEMENT OF COMPLIANCE WITH COURT'S RULES**

2. Defendant's counsel complied with this Court's Rules before filing this Motion by sending Plaintiff's counsel an e-mail correspondence summarizing the legal and factual grounds for this Motion, with references to supporting authorities, and making a sincere effort to resolve issues relating to the Motion.  Defendant's counsel asked Plaintiff's counsel to reach out to Defendants' counsel by 12:00 p.m. on Thursday, February 7, 2008 to discuss the issues raised in the letter.  The parties were unable to resolve the issues raised in the Motion.

### III. BACKGROUND

3.  The allegations in the Complaint are quite bare. Assuming the allegations in the Complaint to be true solely for purposes of this Motion, Plaintiff alleges the following. Plaintiff, an African-American, began working for Defendant in or about January, 2001. See Complaint at ¶ 6, a true and correct copy of which is attached hereto as Exhibit A. Plaintiff alleges that, in or about August of 2003, she held the "promotional position" of document specialist. Id. at ¶ 7. In 2004, Defendant hired two non-black applicants to fill document specialist positions, and allegedly refused to promote Plaintiff to one of the document specialist positions. Id. at ¶¶ 7-9. In 2004, Plaintiff registered a complaint with her immediate supervisor and with Defendant's Divisional Vice President of Employee Relations. Id. at ¶ 10. Almost two years later, on or about August 8, 2006, Defendant terminated Plaintiff's employment. See Id. at ¶ 11.

4.  On September 20, 2006, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (the "EEOC") alleging race discrimination and retaliation. See Id. at ¶ 12; Charge of Discrimination (the "Charge"), attached to the Complaint as Exhibit A. On September 13, 2007, the EEOC issued Plaintiff a right-to-sue letter. See Dismissal and Notice of Rights, attached to Complaint as Ex. B. On December 11, 2007, Plaintiff filed her Complaint in this Court against Defendant. See Ex. A. The Complaint contains two Counts: Count I for race discrimination, including a failure to promote claim, and a wrongful discharge claim; and Count II for retaliation. Id. at ¶¶ 14-18.

### IV. ARGUMENT

5.  Plaintiff's race discrimination claim (improperly labeled as "Title VII Sexual Discrimination") and retaliation claim should each be dismissed pursuant to Federal Rule of

Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. First, Plaintiff's failure to promote discrimination claim is time-barred because the underlying events occurred far more than 300 days before the filing of the Charge with the EEOC. Second, Plaintiff also failed to plead a discrimination claim sufficient to withstand a motion to dismiss under the heightened pleading standard required by the Supreme Court since its decision in Bell Atlantic Corp v. Twombly, 127 S. Ct. 1955 (2007). Likewise, Plaintiff also failed to allege a legally cognizable retaliation claim under the Bell Atlantic standard. For these reasons, Plaintiff's Complaint should be dismissed.

### A. Plaintiff's Discrimination Claim in Count I For Failure To Promote Is Time-Barred.

6. Plaintiff failed to file a charge of discrimination with the EEOC within 300 days of Defendant's allegedly discriminatory action in failing to promote her. "A plaintiff has 300 days from the alleged discriminatory action to file a complaint with the appropriate state agency." Dandy v. United States Parcel Service, Inc., 388 F.3d 263, 270 (7th Cir. 2004) (citing 42 U.S.C. §2000e-5(e)). Generally, a court "may solely consider evidence from the 300-day period." Id. If a plaintiff pleads facts showing her claim is time-barred, dismissal is proper. See e.g., Togba v. County of Cook, 48 F. Supp. 2d 1104, 1108 (N.D. Ill. 1999) (motion to dismiss granted where plaintiff's charge not filed within 300 days of allegedly discriminatory conduct).

7. Plaintiff filed the EEOC Charge on September 20, 2006. Defendant's failure to promote Plaintiff allegedly occurred sometime in 2004. See Complaint at ¶¶ 7-9. The Charge reflects that the alleged date of discrimination was on October 1, 2004, when Plaintiff was moved out of the Document Specialist position. See Charge. With respect to Plaintiff's

failure to promote claim, therefore, Plaintiff's filing of the Charge occurred more than 300 days after the allegedly discriminatory conduct – indeed, Plaintiff waited 720 days to file the Charge after suffering the allegedly discriminatory conduct. For this reason, Plaintiff's failure to promote claim in Count I should be dismissed as time-barred pursuant to Rule 12(b)(6).

      **B.    Plaintiff's Remaining Claims Are Insufficiently Pled to Survive a 12(b)(6) Motion to Dismiss**

8. Plaintiff's cursory allegations of discriminatory termination in Count I and retaliation in Count II should likewise be dismissed because each fails to meet the heightened pleading standard set forth by the Supreme Court in Bell Atlantic. In Bell Atlantic, the Supreme Court imposed two hurdles for a plaintiff to clear to survive a Rule 12(b)(6) motion to dismiss. First, the complaint must describe the claim in sufficient detail to give the defendant fair notice of the claim and the grounds on which it rests. Bell Atlantic, 127 S. Ct. at 1964; Equal Employment Opportunity Comm'n v. Concentra Health Servs. Inc., 496 F.3d 773, 777 (7th Cir. 2007). Second, the plaintiff's allegations "must plausibly suggest that she has a right to relief." 127 S. Ct. at 1965-66; see also 496 F.3d at 776. Plaintiff's vague allegations fail to meet this standard.

          **1.    Plaintiff's Discrimination Claim Fails as a Matter of Law**

9. To establish a prima facie case of discrimination, Plaintiff may do so either directly or indirectly. To prove a direct claim of discrimination, Plaintiff must demonstrate either "an acknowledgement of discriminatory intent by the defendant or circumstantial evidence that provides the basis for an inference of intentional discrimination." Dandy v. United Parcel Service, Inc., 388 F.3d 263, 272 (7th Cir. 2004). With respect to her improper

termination claim, Plaintiff simply alleges in one sentence that she was terminated when unidentified less qualified non-black employees were retained by Defendant. See Complaint at ¶ 11. However, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic, 127 S. Ct. at 1964-65. Without anything more, these vague statements do not suggest that Plaintiff has a right to relief. Under Bell Atlantic, Plaintiff is required to "raise [the] right to relief above the speculative level" and her conclusory allegations fail to do so. See Bell Atlantic, 127 S. Ct at 1968-69.

10.   Moreover, in order to prove her claim indirectly, Plaintiff would have to provide evidence that "(1) [s]he is a member of a protected class; (2) [s]he was meeting the employer's legitimate expectations at the time of the alleged adverse action; (3) [s]he was subjected to an adverse employment action; and (4) the employer treated similarly situated employees not in the protected class more favorably." Scaife v. Cook County, 446 F.3d 735, 739 (7th Cir. 2006). Plaintiff's complaint alleges no details or grounds to support the second or fourth prongs of this test. Thus, Plaintiff has pled no theory under which she might succeed on her claims of discrimination and therefore Plaintiff's discrimination claim in Count I should be dismissed.

## 2.   Plaintiff's Retaliation Claim in Count II Fails as a Matter of Law

11.   Plaintiff's retaliation claim should also be dismissed because Plaintiff failed to properly allege a claim of retaliation. Like discrimination, retaliation may be proved directly or indirectly, and Plaintiff has not alleged sufficient details or grounds to support a claim under either method.

12. To prove retaliation directly, Plaintiff must show that "[s]he engaged in statutorily protected activities, that the defendant[] subjected [her] to adverse employment action, and a causal connection exists between the two events." Scaife, 446 F.3d at 741. Under the indirect method, to make out a prima facie case of retaliation, a plaintiff must show that: "(1) [s]he engaged in statutorily protected activity; (2) [s]he was performing h[er] job according to h[er] employer's legitimate job expectations; (3) [s]he suffered a materially adverse action; and (4) [s]he was treated worse than a similarly situated employee who did not engage in statutorily protected activity." Id. at 739. Because Plaintiff has alleged no facts regarding the first, second or fourth prongs of this test, she must proceed under the direct method.

13. Plaintiff fails to sufficiently allege retaliation under the direct method. To survive a motion to dismiss, "'The pleading must contain something more [than] a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." United States ex rel. Batty v. Amerigroup Illinois, Inc., No. 05 C 1416, 2007 U.S. Dist LEXIS 93844, *1, **19-20 (N.D. Ill. Dec. 19, 2007, Castillo, J.) (dismissing retaliation claim). Here, at best Plaintiff simply recites the elements of a retaliation claim. Plaintiff alleges only that she raised some sort of internal complaint about not being promoted in 2004, without referencing the basis of her complaint, and that Defendant terminated her employment approximately two years later on August 8, 2006. The only allegation that attempts to tie these actions together is her allegation that "on information and belief" her employer terminated her based on her two-year old complaint. See Complaint at ¶ 11.

14. This simple, formulaic recitation of the retaliation cause of action is insufficient under the Bell Atlantic standard. See United States ex rel. Batty, 2007 U.S. Dist

LEXIS 93844 at **19-20.  As explained by the Seventh Circuit, "it is not enough for a complaint to *avoid foreclosing* possible bases for relief; it must actually *suggest* that the plaintiff has a right to relief, by providing allegations that 'raise a right to relief above the speculative level.'"  Concentra Health Servs. Inc., 496 F.3d at 777 (emphasis in original) (citing Bell Atlantic at 1968-69).  Plaintiff has alleged no facts to suggest she has a right to relief, thus her Complaint should be dismissed.

       15.    In fact, Plaintiff offers no grounds to believe that she even engaged in protected conduct when she registered her internal complaint in 2004.  As this Court noted in United States ex rel. Batty, a plaintiff should be expected to allege the basis on which a complaint allegedly constituted protected conduct.  2007 U.S. Dist LEXIS 93844 at **41-42.  Not every complaint necessarily constitutes protected activity under Title VII.  If Plaintiff merely complained that she would have liked to have been considered for a higher level position, without complaining that she applied for the open position and was denied the promotion because of her race, then Plaintiff did not engage in any protected activity.  No factual allegation in the Complaint suggests that she actually engaged in any protected activity that would even give rise to a retaliation claim.

       16.    Moreover, without alleging any additional facts to shed light on the alleged retaliatory motive on the part of Defendant, Plaintiff's retaliation claim rests solely on the fact that her discharge occurred after she had made an internal complaint.  However, almost two years passed between Plaintiff's complaint and her employment termination, and this length of time is insufficient to demonstrate a causal connection between the two as a matter of law.  The Seventh Circuit has held that "[i]n order to establish a causal connection via mere temporal proximity, the employer's adverse action must follow fairly soon after the

employee's protected conduct." Fyfe v. City of Fort Wayne, 241 F.2d 597, 603 (7th Cir. 2001) (in the absence of other proof, eighteen month interval between adverse employment action and charge was insufficient proof of causation). See also Sauzek v. Exxon Coal USA, Inc., 202 F.3d 913, 918 (7th Cir. 2000) ("[s]peculation based on suspicious timing alone…does not support a reasonable inference of retaliation"). Thus, two years as a matter of law is too long to establish a causal connection and Plaintiff's claim for retaliation should be dismissed. Because Plaintiff's retaliation claim is based purely on the fact that she made a complaint in 2004 and that she was fired in 2006, the retaliation claim should be dismissed under Rule 12(b)(6).

## V.   CONCLUSION

17.   Plaintiff's bare bones Complaint lacks the details necessary to state cognizable claims against Abbott. All that is really provided is pure speculation and dubious timing. The only details she does allege make clear that the failure to promote claim is time-barred, and that the causal connection necessary to make out a retaliation claim is not supported by the Complaint. There simply is not enough here to allow the Complaint to stand. For all the foregoing reasons, Abbott Laboratories respectfully requests that this Court dismiss Plaintiff's Complaint in its entirety, with prejudice, pursuant to Federal Rule of Civil Procedure Rule 12(b)(6).

Dated:  February 8, 2008

Respectfully submitted,

Abbott Laboratories

David E. Morrison
Kerry K. Donovan
GOLDBERG KOHN BELL BLACK
  ROSENBLOOM & MORITZ, LTD.
55 East Monroe Street, Suite 3300
Chicago, Illinois  60603
(312) 201-4000

By: /s/ Kerry K Donovan
   One of Its Attorneys

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, certifies that on February 8, 2008, she caused a true copy of **Defendant's Rule 12(b)(6) Motion to Dismiss**, to be served via the U.S. District Court's electronic notification system upon:

>Stuart M. Nagel
>Chalmers & Nagel, P.C.
>100 West Kinzie, Suite 250
>Chicago, Illinois 60610
>(312) 346-0880


>/s/ Kerry K. Donovan