IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BEVERLEY A. MULL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 07 C 6965 |
| v. ) | Judge Castillo |
| ) | Magistrate Judge Ashman |
| ABBOTT LABORATORIES, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S RULE 12(b)(6)**
**MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant Abbott Laboratories ("Defendant"), by and through its undersigned counsel, hereby moves this Honorable Court to dismiss Counts I and II of Plaintiff Beverly A. Mull's ("Plaintiff") First Amended Complaint (the "First Amended Complaint") pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. Plaintiff's claims are either time-barred or bereft of any basis for asserting a claim against Defendant under the heightened pleading requirements set forth in Bell Atlantic Corp v. Twombly, 127 S. Ct. 1955 (2007). In support of its Motion, Defendant states as follows:

**I.    STATEMENT OF COMPLIANCE WITH COURT'S RULES**

1.    Defendant filed a Rule 12(b)(6) Motion to Dismiss the original Complaint on February 8, 2008. Defendant's counsel complied with this Court's Rules before filing the original Motion by sending Plaintiff's counsel an e-mail correspondence summarizing the legal and factual grounds for the earlier version of this Motion, with references to supporting authorities, and making a sincere effort over the telephone to resolve

issues relating to the original Motion. The parties were unable to resolve the issues raised in the Motion.

2.   Plaintiff's response to Defendant's original Motion to Dismiss was due on March 17, 2008. However, prior to filing a response, Plaintiff filed a Motion For Leave to File Her First Amended Complaint ("Plaintiff's Motion"). Defendant did not object to the filing of Plaintiff's First Amended Complaint, but noted to the Court and Plaintiff's counsel at the hearing on Plaintiff's Motion that the defects identified in the original Motion to Dismiss remained in the First Amended Complaint. The Court therefore set a briefing schedule on this Motion and granted Defendant until Friday, March 28, 2008 to file this Motion.

**II.   FACTS**

3.   Assuming the allegations in the First Amended Complaint to be true solely for purposes of this Motion, Plaintiff alleges the following. Plaintiff, an African-American, began working for Defendant in or about January 2001. See First Amended Complaint ("Amended Comp.") at ¶ 6, a true and correct copy of which is attached hereto as Exhibit A. Plaintiff alleges that in or about 2003, she participated in a business trip with a co-worker, and subsequently timely submitted her travel expenses to Defendant for reimbursement. Id. at ¶ 7. Plaintiff further alleges that, in or about August 2003, she was "promoted" to the part-time position of document specialist. Id. at ¶ 8. Plaintiff alleges that, in or about April 2004, she was then "promoted" to the full-time document specialist position. Id. at ¶ 9. In or about July of 2004, Defendant hired a non-black person to act as a document specialist and asked Plaintiff to train the new document specialist. Id. at ¶ 10. Defendant then allegedly "demoted" Plaintiff to an administrative assistant position, in or

about April 2005, but promised Plaintiff she would soon be "re-promoted" to a full-time document specialist position.  Id. at ¶ 11.

      4.     In or about April 2005, Plaintiff registered a complaint regarding her demotion with her immediate supervisor and with Defendant's Divisional Vice President of Employee Relations.  Id. at ¶ 12.  In response to Plaintiff's complaints, in or about May 2005, Defendant provided Plaintiff with additional compensation to make up for the wages she would have earned as a full time document specialist.  Id. at ¶ 13.

      5.     In or about June or July of 2005, Defendant hired a non-black individual to serve as a document specialist and allegedly failed to promote Plaintiff to her prior document specialist position.  Id. at ¶ 14.

      6.     On or about early August 2006, Defendant called Plaintiff to a meeting to question Plaintiff about her travel expenses associated with her 2003 business trip and a personal vacation that Plaintiff took in or about February 2006.  Id. at ¶ 15.  Plaintiff alleges that all of the "paperwork and approvals" for both the business trip and personal trip "were properly tendered to and obtained from defendant."  Id. at ¶ 16.  Sixteen months after Plaintiff's complaints about her demotion, and within days of the meeting regarding Defendant's investigation into Plaintiff's travel expenses, on or about August 8, 2006, Defendant terminated Plaintiff's employment, citing Plaintiff's failure to comply with company policies and procedures concerning travel expenses.  Id. at ¶ 17.

      7.     At the time of Plaintiff's termination, Defendant retained two other allegedly less-qualified and less experienced non-black individuals as document specialists.

<u>Id.</u> There is no allegation in the First Amended Complaint that the two non-black individuals who Defendant retained failed to comply with company policies and procedures concerning travel expenses.

8. On September 20, 2006, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (the "EEOC") alleging race discrimination and retaliation. <u>See id.</u> at ¶ 18; Charge of Discrimination (the "Charge"), attached to the First Amended Complaint as Exhibit A. On September 13, 2007, the EEOC issued Plaintiff a right-to-sue letter. <u>See</u> Dismissal and Notice of Rights, attached to First Amended Complaint as Ex. B. On March 20, 2008, Plaintiff filed her First Amended Complaint in this Court against Defendant. <u>See</u> Ex. A. The First Amended Complaint contains two Counts: Count I for race discrimination, including a failure to promote claim, and a wrongful discharge claim; and Count II for retaliation. Amended Comp. at ¶¶ 19-23.

**IV.    ARGUMENT**

9. Plaintiff's race discrimination and retaliation claims should each be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. First, Plaintiff's failure to promote discrimination claim is time-barred because the underlying events occurred far more than 300 days before the filing of the Charge with the EEOC. Second, Plaintiff also failed to plead a discrimination claim because (i) any claim of direct discrimination is insufficient to withstand a motion to dismiss under the heightened pleading standard required by the Supreme Court since its decision in <u>Bell Atlantic Corp v. Twombly</u>, 127 S. Ct. 1955 (2007), and (ii) any claim of indirect discrimination is deficient because Plaintiff fails to allege that any "similarly situated

employees" were treated more favorably by Defendant.  Finally, Plaintiff also failed to allege a legally cognizable direct or indirect retaliation claim.  For these reasons, Plaintiff's Complaint should be dismissed.

### A. Plaintiff's Discrimination Claim in Count I For Failure To Promote Is Time-Barred.

10.    Plaintiff failed to file a charge of discrimination with the EEOC within 300 days of Defendant's allegedly discriminatory action in failing to promote her.  "A plaintiff has 300 days from the alleged discriminatory action to file a complaint with the appropriate state agency." Dandy v. United States Parcel Service, Inc., 388 F.3d 263, 270 (7th Cir. 2004) (citing 42 U.S.C. §2000e-5(e)).  Generally, a court "may solely consider evidence from the 300-day period." Id.  If a plaintiff pleads facts showing her claim is time-barred, dismissal is proper.  See e.g., Togba v. County of Cook, 48 F. Supp. 2d 1104, 1108 (N.D. Ill. 1999) (motion to dismiss granted where plaintiff's charge not filed within 300 days of allegedly discriminatory conduct).

11.    Plaintiff filed the EEOC Charge on September 20, 2006.  Defendant's failure to promote Plaintiff allegedly occurred sometime in 2004, although Plaintiff now claims that it may have occurred as recently as June or July of 2005.  See Charge; Amended Comp. at ¶¶ 9-14.  The Charge reflects that Plaintiff registered an internal complaint regarding the alleged demotion in 2004, but Plaintiff now alleges in her First Amended Complaint that she filed the internal complaint in or about April of 2005.  See Charge; Amended Comp. at ¶ 12. Moreover, in her First Amended Complaint Plaintiff alleges that in or about May of 2005, she received compensation for the difference in pay from the

document specialist position, and that in June or July of 2005, Defendant hired two non-black document specialists, again failing to promote Plaintiff. See Amended Comp. at ¶¶ 12-14. Taking into consideration the claims not referenced in the Charge, the most recent date of alleged discrimination can only be June or July of 2005. Id. at 14.

12. Thus, with respect to Plaintiff's failure to promote claim, Plaintiff's filing of the Charge still occurred more than 300 days after the allegedly discriminatory conduct – indeed, Plaintiff waited at least 14 months to file the Charge after suffering the allegedly discriminatory conduct, far longer than the 300-days permitted by 42 U.S.C. §2000e-5(e). For this reason, Plaintiff's failure to promote claim in Count I is time-barred and therefore should be dismissed with prejudice pursuant to Rule 12(b)(6).

**B.    Plaintiff's Remaining Claims Are Insufficiently Pled to Survive a 12(b)(6) Motion to Dismiss.**

13. Plaintiff's cursory allegations of discriminatory termination in Count I and retaliation in Count II should likewise be dismissed because each fails as a matter of law. In Bell Atlantic, the Supreme Court imposed two hurdles for a plaintiff to clear to survive a Rule 12(b)(6) motion to dismiss. First, the complaint must describe the claim in sufficient detail to give the defendant fair notice of the claim and the grounds on which it rests. Bell Atlantic, 127 S. Ct. at 1964; Equal Employment Opportunity Comm'n v. Concentra Health Servs. Inc., 496 F.3d 773, 777 (7th Cir. 2007). Second, the plaintiff's allegations "must plausibly suggest that she has a right to relief." 127 S. Ct. at 1965-66; see also 496 F.3d at 776. Plaintiff's allegations fail to suggest any right to relief.

      **1.    Plaintiff's Discrimination Claims in Count I Fail as a Matter of Law.**

    14.    To establish a *prima facie* case of discrimination, Plaintiff may do so either directly or indirectly. To prove a direct claim of discrimination, Plaintiff must demonstrate either "an acknowledgement of discriminatory intent by the defendant or circumstantial evidence that provides the basis for an inference of intentional discrimination." Dandy, 388 F.3d at 272. With respect to her discriminatory termination claim in Count I, Plaintiff simply alleges that she was terminated under the guise of her failure to comply with Defendant's facially neutral policies, while two unidentified less qualified non-black employees were retained by Defendant. See Amended Comp. at ¶ 17. However, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic, 127 S. Ct. at 1964-65. Without anything more, these vague statements do not suggest that Plaintiff has a right to relief. Under Bell Atlantic, Plaintiff is required to "raise [the] right to relief above the speculative level" and her conclusory allegations fail to do so. See id. at 1968-69.

    15.    Moreover, in order to prove her claim indirectly, Plaintiff would have to provide evidence that "(1) [s]he is a member of a protected class; (2) [s]he was meeting the employer's legitimate expectations at the time of the alleged adverse action; (3) [s]he was subjected to an adverse employment action; and (4) the employer treated similarly situated employees not in the protected class more favorably." Scaife v. Cook County, 446 F.3d 735, 739 (7th Cir. 2006). Plaintiff's complaint alleges no details or grounds to support the fourth prong of this test.

> In determining whether two employees are similarly situated a court must look at all relevant factors…For example, in disciplinary cases--in which a plaintiff claims that he was disciplined by his employer more harshly than a similarly situated employee based on some prohibited reason--a plaintiff must show that he is similarly situated with respect to performance, qualifications, and conduct. This normally entails a showing that the *two employees dealt with the same supervisor, were subject to the same standards, and had engaged in similar conduct without such differentiating or mitigating circumstances as would distinguish their conduct or the employer's treatment of them*.

Radue v. Kimberly-Clark Corp., 219 F.3d 612, 617-18 (7th Cir. 2000) (emphasis added) (internal citations omitted).

16. Plaintiff's attempt to allege the existence of similarly situated employees in order to plead a *prima facie* case fails under this standard. Plaintiff has not alleged that *either* of the two non-black employees retained by Defendant in document specialist positions failed to comply with the policies that Defendant cited as the reason for Plaintiff's termination. See Amended Comp. at ¶ 17. Merely alleging that Plaintiff was fired while other employees outside of her protected class were retained by a public company such as Abbott fails to meet the *prima facie* burden required of Plaintiff. Thus, Plaintiff has pled no theory under which she might succeed on her claims of discrimination and therefore Plaintiff's race discrimination claim in Count I should be dismissed.

**2.   Plaintiff's Retaliation Claim in Count II Fails as a Matter of Law.**

17. Plaintiff's retaliation claim should also be dismissed because Plaintiff failed to properly allege a claim of retaliation. Like discrimination, retaliation may be proved directly or indirectly, and Plaintiff has not alleged sufficient details or grounds to support a claim under either method.

18. Under the indirect method, to make out a prima facie case of retaliation, a plaintiff must show that: "(1) [s]he engaged in statutorily protected activity; (2) [s]he was performing h[er] job according to h[er] employer's legitimate job expectations; (3) [s]he suffered a materially adverse action; and (4) [s]he was treated worse than a similarly situated employee who did not engage in statutorily protected activity."  Scaife, 446 F.3d at 739. Plaintiff alleges no facts that point to any similarly situated employees.  As argued above, Plaintiff merely identifies two non-black individuals in the discrimination count of her First Amended Complaint who were retained by Defendant as document specialists.  See Amended Comp. at ¶ 17.  However, Plaintiff fails to allege both (i) that these employees did not engage in statutorily protected activity (i.e., that they did not make complaints to Defendant), and (ii) that these employees were similarly situated to Plaintiff having also violated the policies Defendant cited as the reason for Plaintiff's termination.  Thus, Plaintiff has failed to allege a *prima facie* case of retaliation.  See, e.g., Scaife, 446 F.3d at 741 (plaintiff failed to satisfy fourth element of *prima facie* retaliation claim where plaintiff made no allegations regarding treatment of similarly situated employees who did not file grievances with employer).  Because Plaintiff has alleged no facts regarding the fourth prong of this test, she must proceed under the direct method.

19. Plaintiff also fails to sufficiently allege retaliation under the direct method.  To prove retaliation directly, Plaintiff must show that "[s]he engaged in statutorily protected activities, that the defendant[] subjected [her] to adverse employment action, and a causal connection exists between the two events."  Id. at 741.  To survive a motion to dismiss, "The pleading must contain something more [than] a statement of facts that merely

creates a suspicion [of] a legally cognizable right of action." United States ex rel. Batty v. Amerigroup Illinois, Inc., No. 05 C 1416, 2007 U.S. Dist LEXIS 93844, *1, **19-20 (N.D. Ill. Dec. 19, 2007, Castillo, J.) (dismissing retaliation claim). Here, at best Plaintiff simply recites the elements of a retaliation claim. Plaintiff alleges only that she raised some sort of internal complaint about not being promoted in or about April 2005, that she continued to complain to Defendant but in or about May 2005 Defendant provided Plaintiff with additional compensation to address her complaints. Plaintiff then alleges that Defendant terminated her employment on August 8, 2006, approximately sixteen months after she made her internal complaint. While Plaintiff alleges that Defendant used Plaintiff's violation of a travel expense policy as a pretext for firing her, the First Amended Complaint is devoid of any allegations that establish a causal connection between the protected activity and the adverse employment action. The only allegation that attempts to tie these actions together is Plaintiff's allegation that Defendant terminated her based on "her prior complaints of discrimination." See Amended Comp. at ¶ 21.

20. Without alleging any additional facts to shed light on the alleged retaliatory motive on the part of Defendant, Plaintiff's retaliation claim rests solely on the fact that her discharge occurred after she had made an internal complaint. However, almost sixteen months passed between Plaintiff's complaint and her employment termination, and this length of time is insufficient to demonstrate a causal connection between the two as a matter of law. The Seventh Circuit has held that "[i]n order to establish a causal connection via mere temporal proximity, the employer's adverse action must follow fairly soon after the employee's protected conduct." Fyfe v. City of Fort Wayne, 241 F.2d 597, 603 (7th Cir.

2001) (in the absence of other proof, eighteen month interval between adverse employment action and charge was insufficient proof of causation). See also Sauzek v. Exxon Coal USA, Inc., 202 F.3d 913, 918 (7th Cir. 2000) ("[s]peculation based on suspicious timing alone…does not support a reasonable inference of retaliation"). Thus, sixteen months as a matter of law is too long to establish a causal connection. Because Plaintiff's retaliation claim is based purely on the fact that she made a complaint in April 2005, and that she was fired in August 2006, the retaliation claim should be dismissed with prejudice under Rule 12(b)(6).

## IV.    CONCLUSION

21.    Plaintiff's First Amended Complaint fails to state legally sufficient claims against Abbott. All that is really articulated is pure speculation and dubious timing. The only details she does provide make clear that the failure to promote claim is time-barred, that there are no similarly situated employees whom she can identify, and that the causal connection necessary to make out a retaliation claim is not supported by the First Amended Complaint. There simply is not enough here to allow the First Amended Complaint to stand. Having had a chance to re-plead her claims in the First Amended Complaint, Plaintiff has provided this Court the best facts she is able to muster. It still is not enough.

22.     Therefore, Abbott Laboratories respectfully requests that this Court dismiss Plaintiff's First Amended Complaint in its entirety, with prejudice, pursuant to Federal Rule of Civil Procedure Rule 12(b)(6).

Dated:  March 28, 2008                                  Respectfully submitted,

                                                        Abbott Laboratories


                                                        By: /s/ Kerry K Donovan
David E. Morrison                                           One of Its Attorneys
Kerry K. Donovan
GOLDBERG KOHN BELL BLACK
  ROSENBLOOM & MORITZ, LTD.
55 East Monroe Street, Suite 3300
Chicago, Illinois  60603
(312) 201-4000

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that on March 28, 2008, she caused a true copy of **Defendant's Rule 12(b)(6) Motion to Dismiss Plaintiff's First Amended Complaint**, to be served via the U.S. District Court's electronic notification system upon:

>Stuart M. Nagel
>Chalmers & Nagel, P.C.
>100 West Kinzie, Suite 250
>Chicago, Illinois 60610
>(312) 346-0880

>/s/ Kerry K. Donovan