IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **BEVERLEY A. MULL,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 07 C 6965 |
| v. | ) | Judge Castillo |
| | ) | Magistrate Judge Ashman |
| **ABBOTT LABORATORIES,** | ) | |
| | ) | |
| Defendant. | ) | |

Exhibit A

to DEFENDANT'S RULE 12(b)(6) MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT, Docket No. 20

FILED
MARCH 19, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BEVERLY A. MULL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 07 C 6965 |
| ) | |
| ABBOTT LABORATORIES, ) | Judge Castillo |
| ) | Magistrate Judge Ashman |
| Defendant. ) | |

### PLAINTIFF'S FIRST AMENDED COMPLAINT

#### Preliminary Statement

Plaintiff, BEVERLY A. MULL, by and through her attorneys, Chalmers & Nagel, P.C., complains against defendant, ABBOTT LABORATORIES ("Abbott"), as follows:

1. This is a civil action seeking monetary damages against Abbott for violations of plaintiff's civil rights under Title VII of the Civil Rights Act, as amended.

#### Jurisdiction

2. This court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343(a), and 1367.

#### Venue

3. Venue is proper in this district under 28 U.S.C. § 1391(b).

#### Parties

4. At all relevant times, plaintiff is a black, female former employee of defendant.

5. At all relevant times, defendant, Abbott, was and is a corporation organized to do business in the State of Illinois which employed more than fifteen (15) persons and with its principle place of business located at 100 Abbott Road, Abbott Park, Illinois 60064.

## General Factual Allegations

6. Plaintiff began her employment as an administrative assistant with defendant on or about January, 2001, and at the time of her release, she held the position of administrative assistant.

7. In 2003, plaintiff went on a business trip with a co-worker on behalf of defendant and timely submitted to defendant all of her receipts associated with expenses she incurred during the trip for reimbursement.

8. On or about the end of August, 2003, plaintiff was promoted to a part-time position of document specialist for defendant, and plaintiff acted as an administrative assistant for the remaining portion of her employment with defendant.

9. In April, 2004, plaintiff was promoted to a full time document specialist for defendant, and she no longer conducted her duties as an administrative assistant for defendant.

10. In July, 2004, defendant hired a non-black person to act as a document specialist for defendant. Plaintiff was then asked to train this new hire in connection with conducting the document specialist position, and she did do so.

11. In April, 2005, plaintiff was demoted back to an administrative assistant position with defendant, but defendant promised plaintiff at this time that she would soon be re-promoted back to a full time document specialist position because a new opening was soon to become available.

12. Upon learning of her demotion, plaintiff, on or about April, 2005, filed a complaint with her immediate supervisor and with defendant's divisional vice president of employee relations. Thereafter, plaintiff continued to complain to defendant about her said demotion.

13. In response to these complaints, defendant, on or about May, 2005, then provided plaintiff with additional compensation in the form of paying plaintiff additional wages making up the difference in wages plaintiff earned when she was demoted to an administrative assistant and what she would have earned as a full time document specialist.

14. In late June or early July, 2005, despite defendant's representation otherwise, defendant hired a new non-black individual to serve as a document specialist and failed to promote plaintiff back to her prior document specialist position.

15. In early August 2006, plaintiff was called to a meeting where she was questioned about her business expenses associated with her business trip back in 2003 described above in paragraph 7 and a personal vacation she took in February, 2006.

16. All of the paperwork and approvals for the two trips, and any busines expenses associated therewith, described in the above paragraph were properly tendered to and obtained from defendant.

17. On August 8, 2006, defendant terminated plaintiff from defendant's employment under the guise of failing to comply with defendant's polices and procedures concerning the trips described above in paragraph 15, while two other less qualified and less experienced non-black individuals, one of which she trained, were retained by defendant as document specialists.

18. On September 20, 2006, in response to her termination, plaintiff filed a charge with the Equal Employment Opportunity Commission alleging discrimination by defendant on the basis of her race, black, and for retaliation in violation of Title VII of the Civil Rights Act, and a copy of said charge is attached hereto as Exhibit A.

19. On September 13, 2007, after a full investigation, the EEOC issued a right to sue letter, and a true and accurate copy the EEOC determination letter is attached as plaintiff's Exhibit B.

### Count I - Title VII Racial Discrimination

1-19. Plaintiff restates and re-alleges paragraphs 1-19 as paragraphs 1-19 herein.

20. Abbott demoted plaintiff on the basis of her black race from her position as document specialist and hired two less qualified, non-black individuals to serve as document specialist over plaintiff, even though plaintiff had worked for the company for over six (6) years, had satisfactorily performed the job of document specialist for approximately 14 months, and had been promised to be re-promoted after she was demoted to the position of document specialist once another opening became available, in violation of Title VII of the Civil Rights Act, as amended.

21. As a result of said discrimination, plaintiff has lost her full time employment with defendant as a document specialist, lost wages, lost insurance benefits, and had to hire an attorney to enforce her rights.

WHEREFORE, plaintiff prays that judgment be entered in her favor and against defendant, Abbott Laboratories, for compensatory damages of back pay and lost insurance benefits, the precise amount of which shall be proven at trial, plus interest, costs and reasonable attorneys' fees.

### Count II - Retaliation

1-19. Plaintiff restates and re-alleges paragraphs 1-19 as paragraphs 1-19 herein.

20. The purported basis that defendant terminated plaintiff's employment on August 8, 2006 for failing to comply with company policy concerning two trips she took in 2003 and

2006 were pre-textual and not the true basis of defendant's termination of plaintiff's employment.

21.  Defendant terminated plaintiff's employment in retaliation for plaintiff's prior complaints of discrimination described in paragraph 12 and 13.

22.  Because of defendant's wrongful termination of plaintiff in retaliation for her complaints of discrimination, plaintiff has lost her full time employment with defendant, lost wages, lost insurance benefits, and had to hire an attorney to enforce her rights.

23.  Defendant's retaliation against plaintiff was a purposeful and deliberate violation of plaintiff's federally protected rights so as to warrant the imposition of punitive damages to punish defendant and deter defendant from engaging in similar wrongful conduct in the future.

WHEREFORE, plaintiff prays that judgment be entered in her favor and against defendant, Abbott Laboratories, for compensatory damages of back pay, lost insurance benefits, and punitive damages, the precise amount of which shall be proven at trial, plus interest, costs and reasonable attorneys' fees.

                                                Plaintiff, Beverly A. Mull,

                                                By: __s/ Stuart M. Nagel__
                                                       One of Her Attorneys

Stuart M. Nagel
Chalmers & Nagel, P.C.
100 West Kinzie, Suite 250
Chicago, Illinois  60610
(312) 346-0880
ARDC#: 6217493

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 440-2006-09223 |

**Illinois Department Of Human Rights** and EEOC
*State or local Agency, if any*

| Name (Indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Ms. Beverly A. Mull | (847) 746-2901 | 03-04-1955 |

| Street Address | City, State and ZIP Code |
|---|---|
| 2808 Gilead Avenue, Zion, IL 60099 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| ABBOTT LABORATORIES | 500 or More | (847) 938-3000 |

| Street Address | City, State and ZIP Code |
|---|---|
| 100 Abbott Road, Abbott Park, IL 60064 | |

| DISCRIMINATION BASED ON (Check appropriate box(es).) | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| ☒ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN<br>☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ OTHER | Earliest: 10-01-2004  Latest: 08-08-2006<br>☐ CONTINUING ACTION |

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I was employed by Respondent since January, 2001. My most recent position was Administrative Assistant. In 2003 I went on a business trip with a colleague. At that time, I submitted my receipts and expense report from the trip. In or around August, 2003 I was put in a promotional position of Document Specialist where I remained until in or around October, 2004. Subsequently, Respondent hired a non-Black individual who received the title and position of Document Specialist. I was asked to assist this newly hired employee in the position I had been doing for approximately 14 months. Respondent then related to me that another Document Specialist position would be available. Respondent then reassigned me to my former position and once again hired a non-Black individual to fill the second available position. I filed a complaint with my supervisor and with Respondent's Divisional Vice President of Employee Relations in 2004. In 2005, Respondent compensated me with a paycheck which covered the difference in wages for the time period I worked in the promotional position. Approximately a week prior to August 8, 2006, I was called to a meeting with security and I was questioned about my 2003 business trip expenses and a subsequent personal trip I took in February, 2006. My financial paperwork was in order. I was later notified on August 8, 2006 that I was discharged.

I believe I have been discriminated against because of my race, Black and retaliation, in violation of Title VII of the Civil Rights Act of 1964, as amended.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

12 Sept 2006 — /s/ B. Mull
Date — Charging Party Signature

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)

RECEIVED EEOC SEP 20 2006 CHICAGO DISTRICT OFFICE

PLAINTIFF'S EXHIBIT A

EEOC Form 161 (3/98)    **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To: Beverly A. Mull
2808 Gilead Avenue
Zion, IL 60099

From: Chicago District Office
500 West Madison St
Suite 2800
Chicago, IL 60661

CERTIFIED MAIL 7099 3400 0018 8815 5653

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2006-09223 | Kathleen Leaver, Investigator | (312) 353-8766 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☐ Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

☐ While reasonable efforts were made to locate you, we were not able to do so.

☐ You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

- **NOTICE OF SUIT RIGHTS** -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

_John P. Rowe_    9/13/07

John P. Rowe,
District Director    (Date Mailed)

Enclosures(s)

cc: ABBOTT LABORATORIES



PLAINTIFF'S EXHIBIT B