IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BEVERLY A. MULL, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 07 C 6965 |
| ) | |
| ABBOTT LABORATORIES, ) | Judge Castillo |
| ) | Magistrate Judge Ashman |
| Defendant. ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

Plaintiff, Beverley A. Mull, for her response to defendant's motion to dismiss brought pursuant to Federal Civil Procedure Rule 12(b)(6) states as follows:

**Facts**

Plaintiff was initially hired by defendant as an administrative assistant in January, 2001. (Am. Cmp., ¶ 1). In August, 2003, plaintiff was promoted to a part time position of document specialist for defendant. (Id., ¶ 2) In April, 2004, plaintiff was promoted to a full time position of document specialist for defendant. (Id., ¶ 9) In July, 2004, the defendant hired a new non-black person from outside the company to act as a document specialist for defendant, and plaintiff trained this new hire. (Id., ¶ 10) In April, 2005, plaintiff was demoted back to her prior position of administrative assistant, but defendant promised her that she would be re-promoted to a document specialist for defendant. (Id., ¶11)

Upon learning of her demotion, plaintiff, in April, 2005, complained to defendant, and plaintiff continued to complain about her demotion. (Id., ¶ 12) In May, 2005, defendant paid plaintiff additional compensation in response to her complaints. (Id., ¶ 13) In late June or early July, 2005, defendant hired yet another non-black person from outside the company to act as a document specialist for defendant. (Id., ¶ 14)

In early August, 2006, plaintiff was called into a meeting where defendant questioned plaintiff about her business expenses related to trip she took back in 2003 and a personal vacation she took in February, 2006. (Id., ¶ 15)  Plaintiff had obtained all requisite approvals for these trips from defendant. (Id., ¶ 16)  On August 8, 2006, defendant terminated plaintiff's employment under the guise of violating company policies concerning these trips. (Id., ¶17)

**Argument**

A.    **Count I's Racial Discrimination Claim Is Not Time Barred.**

Defendant contends that Count I's racial discrimination claim is time-barred because the alleged failure to promote plaintiff to a document specialist occurred in 2004, and plaintiff did not file her charge of discrimination until September, 2006. (Mot., ¶¶ 6-7)

However, defendant ignores certain of the facts contained in plaintiff's complaint. Defendant made a representation to plaintiff that she would be re-promoted to a document specialist for defendant. (Am. Cmp., ¶ 11)   Plaintiff relied on this representation and continued to complain about her demotion up and through her termination in August, 2006. (Am. Cmp., ¶¶ 12, 17) In fact, contrary to defendant's suggestion otherwise, plaintiff specifically plead that she was promised she would be made a document specialist for defendant in April, 2005, and she continued to wait for this re-promotion up and until her termination. (Am. Cmp., ¶¶ 11, 17)  Moreover, in as a late as June or early July, 2005, defendant hired another non-black person from outside the company to serve as a document specialist for defendant. (Am. Cmp., ¶ 17)

As such, the last act of defendant's failure to promote defendant to the position of document specialist occurred as late as in August, 2006, thereby making her September, 2006 charge of discrimination timely.

A.     **Count I and II Are Sufficiently Plead.**

Under Count I, plaintiff can establish a prima facia case of direct discrimination either by pleading "an acknowledgment of discriminatory intent by defendant or circumstantial evidence that provides a basis for an inference of discrimination." Dandy v. United Parcel Service, Inc., 388 F.3d 263, 272 (7th Cir. 2004). This is precisely what plaintiff has plead. Here, plaintiff has plead that she was promoted to the position of document specialist, then mysteriously demoted, two outside non-black person(s) being hired as document specialists, she training one of the new non-black documents specialists, her repeatedly complaining about the demotion, and defendant promising to re-promote plaintiff to the position of document specialist. These allegations demonstrate a discriminatory intent on the part of the defendant, or absolute bare minimum, strong circumstantial evidence of such discriminatory intent.

With respect to Count II's retaliation claim, plaintiff must plead that: (1) she engaged in statutorily protected activities; (2) defendant subjected her to adverse employment action; and (3) a casual connection between the statutorily protected activity and the adverse employment action. Scaife v. Cook County, 446 F.3d 735, 741 (7th Cir. 2006).

Here, this is precisely what plaintiff has plead. Plaintiff has plead that she engaged in statutorily protected activity in complaining to defendant that she was demoted from the position of document specialist based on her race.[1] Moreover, plaintiff has plead that she has suffered adverse

---

[1] Defendant contends that the plaintiff's complaint fails to allege that plaintiff engaged in any protected activity. Plaintiff suggests that this Court's taking all of plaintiff's well-plead facts, and the reasonable inferences drawn therefrom, and construing them in a light most favorable to the plaintiff indicates that plaintiff's allegations concerning her complaints about the demotion should be construed as her complaining about being demoted based on her race. Alternatively, plaintiff is prepared to amend her complaint to expressly state so should this Court deem it necessary.

employment action both in the form of her demotion and ultimate termination. She has further alleged a casual connection between the adverse employment action and her repeated complaints.

Citing <u>Fyfe v. City of Fort Wayne,</u> 241 F.2d 597, 603 (7th Cir.2001) and <u>Sauzek v. Exxon Coal USA, Inc.</u>, 913, 918 (7th Cir. 2000), defendant contends that plaintiff's retaliation claim predicated upon her complaints about her demotion beginning in April, 2005 and continuing up and through her termination are, as a matter of law, insufficient to support a retaliation claim because the complaints beginning a little over one (1) year prior to her termination, standing alone, are insufficient to establish the requisite causation between the complaints and her ultimate termination. The fundamental problem with this position is it ignores certain of the facts plaintiff has specifically plead. She has plead that she was called into a meeting in August, 2006 and questioned about two trips she took — one dating back to 2003 and the other in 2006. She has specifically plead that all appropriate paperwork and approvals were obtained from defendant for these trips and any expenses associated therewith. As such, the timing of her complaints about her demotion do not stand alone as the casual basis for plaintiff's retaliation claim. Rather, such complaints combined with being terminated for a challenged about a trip taken way back in 2003 and a trip in 2006 when she obtained all requisite approvals provide the predicate for her retaliation claim. As such, the Fyfe and Sauzek decisions are inapplicable because the plaintiff's retaliation claim is not merely predicated on the timing of her complaints and ultimate termination as the sole basis to establish the requisite causal connection because the casual connection is also predicated on the speculative nature of the alleged pre-textual basis for her discharge – namely a purported violation of company policy dating back to a trip she took in 2003 for which she obtained all required approvals.

                    Plaintiff, Beverly A. Mull,


                    By:   s/ Stuart M. Nagel
                           One of Her Attorneys

Stuart M. Nagel
Chalmers & Nagel, P.C.
100 West Kinzie, Suite 250
Chicago, Illinois 60610
(312) 346-0880
ARDC#: 6217493