**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **BEVERLEY A. MULL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. 07 C 6965** |
| **v.** | ) | **Judge Castillo** |
| | ) | **Magistrate Judge Ashman** |
| **ABBOTT LABORATORIES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S REPLY IN SUPPORT OF ITS RULE 12(b)(6)**
**MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

Plaintiff Beverly A. Mull's ("Plaintiff") Response to Defendant Abbott Laboratories' ("Defendant") Motion to Dismiss filed on April 18, 2008 (the "Response") fails to address the deficiencies that render her First Amended Complaint insufficient to withstand a Rule 12(b)(6) Motion to Dismiss. Plaintiff argues that her failure to promote claim is not time-barred even though the last time there was an opening she claims to have been denied was July 2005, which is outside the 300-day statute of limitations. Plaintiff argues that she sufficiently plead a discriminatory termination claim, but fails to even discuss that she has not pointed to any similarly situated employees outside the protected group who were treated more favorably than she. Finally, Plaintiff argues that the retaliation claim is well-plead because of an allegation that she "continued to complain," but that hardly saves her claim. Accordingly, Defendant's Motion should be granted.

**I.    Plaintiff's Failure to Promote Claim is Time Barred**

Plaintiff cannot overcome the timing concerns associated with her failure to promote claim by simply claiming that she waited for a promotion from April of 2005 through the date of her termination. A failure to promote is a "discrete discriminatory act,"

and such a claim is "not actionable if time-barred, even when [it] relate[s] to acts alleged in timely filed charges." Beesen-Dwars v. Duane Morris LLP, 2007 U.S. Dist. LEXIS 54947, *1, *15 (N.D. Ill. July 24, 2007) (citing Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 110-114 (2002)). Plaintiff's failure to promote claim is limited to the specific dates on which she alleges she was passed over for a promotion. At best, Plaintiff alleges that she was not promoted as late as July of 2005. Plaintiff filed her EEOC Charge on September 20, 2006. Even assuming a failure to promote occurred as late as July of 2005, however, Plaintiff's claim is beyond the 300-day period she has in which to file her complaint. See Dandy v. United States Parcel Service, Inc., 388 F.3d 263, 270 (7th Cir. 2004) (citing 42 U.S.C. § 2000e-5(e)). Plaintiff's failure to promote claim in Count I is time barred and therefore should be dismissed with prejudice pursuant to Rule 12(b)(6).

## II. Plaintiff's Failure to Identify Similarly Situated Employees Renders Her Discrimination Claim Deficient as a Matter of Law

Plaintiff's discriminatory termination claim in Count I also remains deficient as a matter of law because Plaintiff has failed (in her First Amended Complaint and in her Response) to identify or address similarly situated employees as she is required to plead an indirect claim for discrimination. Plaintiff is obligated to identify similarly situated employees not in the protected class who violated the same policy Plaintiff violated and who were not terminated. See, e.g., Scaife v. Cook County, 446 F.3d 735, 741 (7th Cir. 2006) (plaintiff failed to satisfy fourth element of *prima facie* retaliation claim where plaintiff made no allegations regarding treatment of similarly situated employees who did not file grievances with employer). Without this allegation, Plaintiff has failed to meet her *prima*

*facie* burden to establish a claim for discriminatory termination and Plaintiff's discriminatory termination claim in Count I must be dismissed.

### III.    Plaintiff's Allegations Regarding Her Failure to Promote Claim are Insufficient to Support a Claim for Retaliation

Plaintiff has not corrected the deficiencies in her First Amended Complaint that render her claim for retaliation deficient as a matter of law.  Plaintiff alleges that she raised an internal complaint in April of 2005, and that in May of 2005 Defendant provided her with additional compensation in response to that complaint.  For the first time, realizing she had no factual basis to bring a retaliation claim, she now alleges in her First Amended Complaint vaguely that she "continued to complain."  Plaintiff also alleges that she was terminated on August 6, 2008 after an investigation about her violation of a company policy.

Plaintiff is still relying on questionable timing to infer retaliation because she has not alleged any facts that shed light on an allegedly retaliatory motive of Defendant.  Allegations of continued grousing should not give rise to a retaliation claim when timing alone is the basis for inferring a retaliatory motive.  Plaintiff only alleges with any specificity one internal complaint regarding a promotion.  There is not enough in the First Amended Complaint to infer that her newly identified "continued complaints" constitute protected conduct or serve as the cause for her termination.  Plaintiff simply has not presented facts sufficient to support a claim for or even create a reasonable inference of retaliation when she was terminated 16 months after bringing the internal complaint she identifies and to which Defendant satisfactorily responded by providing her with additional compensation.  Therefore, Plaintiff's retaliation claim must be dismissed pursuant to Rule 12(b)(6).

## V.     Conclusion

For all the foregoing reasons, and the reasons stated in Defendant's Rule 12(b)(6) Motion to Dismiss Plaintiff's First Amended Complaint, Abbott Laboratories respectfully requests that this Court dismiss Plaintiff's First Amended Complaint in its entirety, with prejudice, pursuant to Federal Rule of Civil Procedure Rule 12(b)(6).


Dated:  April 28, 2008                              Respectfully submitted,

                                                    Abbott Laboratories


                                                    By: /s/ Kerry K Donovan
David E. Morrison                                        One of Its Attorneys
Kerry K. Donovan
GOLDBERG KOHN BELL BLACK
  ROSENBLOOM & MORITZ, LTD.
55 East Monroe Street, Suite 3300
Chicago, Illinois  60603
(312) 201-4000

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that on April 28, 2008, she caused a true copy of **Defendant's Reply in Support of Its Rule 12(b)(6) Motion to Dismiss Plaintiff's First Amended Complaint**, to be served via the U.S. District Court's electronic notification system upon:

> Stuart M. Nagel
> Chalmers & Nagel, P.C.
> 100 West Kinzie, Suite 250
> Chicago, Illinois 60610
> (312) 346-0880

/s/ Kerry K. Donovan