UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BEVERLY A. MULL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 07 C 6965 |
| ) | |
| ) | Judge Ruben Castillo |
| ABBOTT LABORATORIES, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Beverly A. Mull ("Plaintiff") filed this action against her former employer, Abbott Laboratories ("Defendant"), under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.* ("Title VII"). (R. 19, First Amended Complaint ("FAC") ¶¶ 1-3.) Plaintiff alleges that Defendant demoted her, failed to promote her, and wrongfully discharged her on the basis of her race. (*Id.* ¶¶ 1-21.) She further alleges that Defendant discharged her in retaliation for making internal complaints about race discrimination. (*Id.* ¶¶ 20-23.) Defendant moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (R. 20, Def.'s Mot. to Dismiss.) For the reasons stated below, Defendant's motion is granted in part and denied in part.

## RELEVANT FACTS

In January 2001, Defendant hired Plaintiff, an African-American woman, as a full-time administrative assistant. (R. 19, FAC ¶¶ 4, 6.) In August 2003, Defendant promoted Plaintiff to a part-time "document specialist" position; Plaintiff continued her duties as an administrative assistant on a part-time basis. (*Id.* ¶ 8.) In April 2004, Defendant promoted Plaintiff to a

1

full-time document specialist position. (*Id.* ¶¶ 9, 11.) In July 2004, a few months after Plaintiff's promotion, Defendant requested that Plaintiff train a newly hired, non-African-American employee as a document specialist, and Plaintiff did so. (*Id.* ¶ 10.)

In April 2005, Defendant demoted Plaintiff from the document specialist position to her former position as administrative assistant. (*Id.* ¶ 11.) At the time of her demotion, Defendant[1] informed Plaintiff that she would be reinstated as a document specialist when an opening became available. (*Id.*) After learning of her demotion, Plaintiff in April 2005 filed a complaint with her immediate supervisor and the divisional vice president of employee relations alleging discrimination. (*Id.* ¶¶ 12, 21.) She thereafter continued to complain about her demotion. (*Id.* ¶ 12.) In response to Plaintiff's complaints, Defendant in May 2005 paid Plaintiff the difference in wages that she would have earned as a document specialist since her demotion. (*Id.* ¶ 13.) In late June or early July 2005, Defendant hired a non-African-American employee from outside the company to fill a vacant document specialist position, rather than reinstating Plaintiff. (*Id.* ¶ 14.)

In early August 2006, Plaintiff was called to a meeting where she was questioned about her paperwork associated with a business trip she took in 2003 and a personal vacation she took in February 2006.[2] (*Id.* ¶ 15). Plaintiff alleges that she properly obtained and tendered all of the paperwork and approvals to Defendant for both trips in accordance with company policy. (*Id.* ¶¶ 7, 16.) On August 8, 2006, Defendant terminated Plaintiff, citing her failure to comply with company policy concerning the two trips. (*Id.* ¶ 17.) Plaintiff alleges that Defendant retained

---

[1] Plaintiff does not specify who within the company conveyed this information to her. (*See* R. 19, FAC ¶ 11.)

[2] Plaintiff does not specify the individual or individuals within the company with whom she met. (*See* R. 19, FAC ¶ 14.)

two less-qualified, non-African-American employees as document specialists, including the employee whom Plaintiff had trained. (*Id.*)

On September 20, 2006, Plaintiff filed a charge with the U.S. Equal Opportunity Employment Commission ("EEOC") alleging race discrimination and retaliation in violation of Title VII. (*Id.* ¶ 18.) On September 13, 2007, the EEOC issued her a right-to-sue letter. (*Id.* ¶ 19 & Ex. B, Right-to-Sue Letter.)

## PROCEDURAL HISTORY

On December 11, 2007, Plaintiff brought this action alleging race discrimination and retaliation in violation of Title VII. (R. 1, Compl.) On March 19, 2008, Plaintiff filed her FAC alleging in Count I that Defendant demoted her, failed to promote her, and discharged her on the basis of her race, and in Count II, that Defendant discharged her in retaliation for complaining about the alleged discrimination.[3] (R. 19, Compl. ¶¶ 1-23.)

Defendant moves to dismiss the FAC in its entirety. (R. 20, Def.'s Mot. to Dismiss at 4-12.) Defendant first argues that certain claims are time-barred because Plaintiff did not file a timely administrative complaint with the EEOC as to these claims. (*Id.* at 4.) Defendant further argues that Plaintiff's discriminatory discharge claim is insufficiently pled "under the heightened pleading standard required by the Supreme Court since its decision in *Bell Atlantic v. Twombly.*"

---

[3] Defendants filed a motion to dismiss Plaintiff's original complaint, and before her response to the motion was due, Plaintiff sought leave to file the FAC, which the Court granted. (R. 10, Def.'s Mot. to Dismiss; R. 15, Pl.'s Mot. for Leave to File FAC; R. 18, Minute Entry.) The Court notes that the FAC is not a model of clarity. Within Count I, there are multiple race discrimination claims that are not clearly delineated. The Court agrees with Defendant that Plaintiff is raising a failure-to-promote and wrongful discharge claim in Count I; the Court also views Count I as containing a separate race discrimination claim based on Plaintiff's demotion. (*See* R. 19, FAC ¶ 20.)

3

(*Id.*) Finally, Defendant argues that Plaintiff's retaliation claim fails as a matter of law. (*Id.* at 5.)

## LEGAL STANDARD

In determining whether to grant a motion to dismiss under Rule 12(b)(6), the Court assumes all well-pleaded allegations in the complaint to be true, and construes those facts, as well as all reasonable inferences arising therefrom, in the light most favorable to the plaintiff. *Killingsworth v. HSBC Bank*, 507 F.3d 614, 618 (7th Cir. 2007). To survive a motion to dismiss, the complaint must overcome "two easy-to-clear hurdles:" (1) it must "describe the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds on which it rests;" and (2) "its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008).

## ANALYSIS

### I. Timeliness

Defendant first argues that Plaintiff's race discrimination claims, other than her wrongful discharge claim, are time-barred. (R. 20, Def.'s Mot. to Dismiss at 10.) Title VII requires an employee to file administrative charges with the EEOC within 300 days "after the alleged unlawful employment practice occurred." 42 U.S.C. § 2000e-5(e). An "unlawful employment practice" includes various discrete acts such as "termination, failure to promote, denial of transfer, or refusal to hire." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002); *see also Roney v. Ill. Department of Transport*, 474 F.3d 455, 460 (7th Cir. 2007). If a plaintiff does not file a charge concerning a discrete act of discriminatory conduct within 300 days of its

occurrence, her claim is time-barred and she may not recover. *Ledbetter v. Goodyear Tire, Inc.*, 127 S. Ct. 2162, 2169 (2007); *Morgan*, 536 U.S. at 109-10; *Roney*, 474 F.3d at 460. Discrete discriminatory acts are "not actionable if time-barred, even when they are related to acts alleged in timely filed charges." *Morgan*, 536 U.S. at 113-14.

Here, Plaintiff filed her EEOC charge on September 20, 2006; thus, any discrete discriminatory acts that occurred more than 300 days prior to this date, or before November 24, 2005, are time-barred. (*See* R. 19, FAC ¶ 18 & Ex. A, EEOC Charge.) According to the FAC, Plaintiff's demotion occurred in April 2005, and Defendant's failure to promote her occurred in late June or July 2005. (R. 19, FAC ¶¶ 11, 14.) Because these discrete acts fall outside the 300-day window, they are time-barred.

Plaintiff argues that her failure-to-promote claim is not time-barred because in her view, Defendant could have promoted her any time up until the date of her termination in August 2006, and thus, her September 2006 EEOC charge was timely. (R. 22, Pl.'s Resp. to Mot. to Dismiss at 2.) Plaintiff does not cite any case law in support of this theory, although it appears she may be attempting to invoke the "continuing violation" doctrine. (*See id.*) The continuing violation doctrine permits a plaintiff to delay filing an EEOC charge until a series of acts by an employer "blossoms into a wrongful injury on which a suit can be based." *Lewis v. City of Chicago*, ---F.3d---, 2008 WL 2262201, at *3 (7th Cir. 2008). The doctrine has been applied to claims of hostile work environment, because in such a case the unlawful character of each individual act is not immediately apparent at the time it occurs. *See Morgan*, 536 U.S. at 114-15; *Lewis*, 2008 WL 2262201, at *3-4. However, the continuing violation doctrine has no application to discrete acts of discrimination, such as termination or the failure to hire, which are actionable at the time

they take place. *Morgan,* 536 U.S. at 114-15; *Lewis,* 2008 WL 2262201, at *3-4. Failure-to-promote is generally considered a discrete discriminatory act for purposes of the 300-day deadline. *Ledbetter,* 127 S. Ct. at 2169; *Roney,* 474 F.3d at 460. Moreover, it is apparent from the FAC that Plaintiff's failure-to-promote claim is premised on a discrete act: Defendant's failure to promote her to a specific document specialist position that was available in June or July 2005, which was instead filled by someone from outside the company. (*See* R. 19, FAC ¶ 14.) This discrete act was actionable when it occurred, and Plaintiff's failure to file an EEOC charge within 300 days of the date of this incident precludes her from pursuing this claim.

For these reasons, Plaintiff's demotion and failure-to-promote claims are time-barred, and are therefore dismissed with prejudice.

## II.  Discriminatory Discharge

Defendant next argues that Plaintiff's discriminatory discharge claim fails because Plaintiff has not alleged enough facts to satisfy the pleading standard adopted by the Supreme Court in *Bell Atlantic.* (R. 20, Def.'s Mot. to Dismiss at 13.) In *Bell Atlantic,* the Supreme Court "retooled" federal pleading standards; however, the Court did not adopt a fact-pleading standard to supplant the notice-pleading standard that has long applied in federal court. *See Bell Atlantic v. Twombly,* 127 S. Ct. 1955, 1968-69 (2007); *Tamayo,* 526 F.3d at 1083. Following *Bell Atlantic,* the Seventh Circuit has reaffirmed "the minimal pleading standard" applicable to "simple claims of race or sex discrimination." *Tamayo,* 526 F.3d at 1084; *see also EEOC v. Concentra Health Servs., Inc.,* 496 F.3d 773, 776 (7th Cir. 2007).

Defendant argues that Plaintiff fails to allege a *prima facie* case of discriminatory discharge because she does not "identify or address" any similarly situated employees who were

treated more favorably than her. (R. 20, Def.'s Mot. to Dismiss at 7-8; R. 23, Def.'s Reply at 2-3.) As an initial matter, the cases cited by Defendant were decided at the summary judgment stage; this case, by contrast, is only at the pleading stage. (*See* R. 20, Def.'s Mot. to Dismiss at 7-8; R. 23, Def.'s Reply at 2.) To survive a motion to dismiss, the plaintiff in an employment discrimination case need not allege facts corresponding to each element of a *prima facie* case under the *McDonnell-Douglas* framework. *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 510-11 (2002); *see also Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (fact pleading not required in federal court). "The *prima facie* case under *McDonnell-Douglas* is an evidentiary standard . . . not a pleading requirement." *Swierkiewicz*, 534 U.S. at 510.

As the Seventh Circuit recently reiterated, "a plaintiff alleging employment discrimination under Title VII may allege these claims quite generally." *Tamayo*, 526 F.3d at 1081. "A complaint need not 'allege all, or *any*, of the facts logically entailed by the claim,' and it certainly need not include evidence." *Id.* (citation omitted). Indeed, a litigant is entitled to conduct discovery before her claims are "put to their proof." *Id.* Even after *Bell Atlantic*, a complaint alleging employment discrimination "need only aver that the employer instituted a (specified) adverse employment action against the plaintiff on the basis of her [protected status]." *Id.* at 1084.

Here, Plaintiff alleges that she is African-American; that she worked for Defendant for nearly six years and performed her job satisfactorily; and that Defendant took various adverse actions against her based on her race, including terminating her. (R. 19, FAC ¶¶ 4, 20-21.) She further alleges that less qualified non-African-American employees, including one whom Plaintiff trained, were not terminated. (*Id.* ¶ 20.) Plaintiff has pled enough to state a plausible

claim for discriminatory discharge. *See Tamayo*, 526 F.3d at 1085 (plaintiff adequately stated sex discrimination claim where she alleged that she is female; she suffered adverse employment action; defendant discriminated against her based on her sex; and similarly situated male employees were treated more favorably). As in *Tamayo*, Plaintiff has pled enough facts to "provide the defendants with sufficient notice to begin to investigate and defend against her claim." *Id.* Accordingly, this aspect of Defendant's motion to dismiss is denied.

### III.    Retaliation

Defendant next argues that Plaintiff's retaliation claim fails as a matter of law. (R. 20, Def.'s Mot. to Dismiss at 8-11.) As an initial matter, to the extent Defendant is arguing that the retaliation claim has been inadequately pled under *Bell Atlantic*, the Court rejects this argument. (*See id.* at 8-9.) As stated above, the Seventh Circuit recently reaffirmed the minimal pleading standards that apply to Title VII claims even after *Bell Atlantic*. *See Tamayo*, 526 F.3d at 1084-85. Here, Plaintiff alleges that she satisfactorily performed her job for six years; that she complained to her superiors about discrimination; that she was discharged in retaliation for her earlier complaints; and that the reason given for her discharge was pretextual. (R. 19, FAC ¶¶ 20-23) This is sufficient to state a plausible retaliation claim. *See Tamayo*, 526 F.3d at 1085 (plaintiff adequately stated retaliation claim where she alleged that she performed her job satisfactorily; that she complained about sex discrimination; and that she subsequently suffered adverse employment actions).

Defendant further argues that Plaintiff's retaliation claim fails as a matter of law because she cannot establish a causal link between her complaints and her discharge. (R. 20, Def.'s Mot. to Dismiss at 10-11; R. 23, Def.'s Reply at 3.) To prevail on her retaliation claim, Plaintiff

ultimately must demonstrate through either direct or circumstantial evidence that there was a causal link between her protected activity and her termination. 42 U.S.C. § 2000e-3(a); *Metzger v. Ill. State Police*, 519 F.3d 677, 681 (7th Cir. 2008). Suspicious timing is one possible means of establishing such a causal connection. *See, e.g., Benders v. Bellows & Bellows*, 515 F.3d 757, 764 (7th Cir. 2008); *Culver v. Gorman & Co.*, 416 F.3d 540, 546 (7th Cir. 2005). Defendant argues that Plaintiff cannot possibly establish suspicious timing here because 16 months passed between her complaints of discrimination and her termination. (*See* R. 20, Def.'s Mot. to Dismiss at 10-11.)

Once again, the cases cited by Defendant were decided at the summary judgment stage; this is a different standard than determining whether Plaintiff has stated a plausible retaliation claim. (*See id.*) Further, the Court disagrees with Defendant that Plaintiff cannot possibly establish suspicious timing surrounding her termination. Although Plaintiff alleges in her FAC that she made her initial complaint about discrimination in April 2005, she alleges that she thereafter "continued to complain" to Defendant about her demotion and Defendant's failure to reinstate her to a document specialist position. (R. 19, FAC ¶ 12.) Consistent with the FAC, Plaintiff may be able to show that she complained closer in time to her discharge, thereby creating an inference of retaliation based on suspicious timing. Moreover, suspicious timing is not the only means of proving retaliation. Other relevant evidence may include "an employer's sudden dissatisfaction with an employee's performance." *Culver*, 416 F.3d at 546. Here, the FAC contains allegations that Plaintiff was employed by Defendant for nearly six years; that she was satisfactorily performing her job; and that in August 2006, after her continued complaints of discrimination, she was called to a meeting and questioned about expenses from a 2003 business

trip and a personal trip she took six months earlier; and that she complied with all company policies in connection with these two trips. (R. 19, FAC ¶¶ 7, 15, 20-23.) Defendant's delayed concern over these trips, particularly the trip taken three years earlier, could create an inference that the stated reason for Plaintiff's discharge was pretextual and that Defendant's true motive was retaliatory. *See Culver*, 416 F.3d at 546.

Regardless, these are issues that must be sorted out at later stages of the litigation. *See Bellows*, 515 F.3d at 764 (if the plaintiff presents evidence establishing a *prima facie* case of retaliation, she can defeat a motion for summary judgment, unless the defendant presents unrebutted evidence that the plaintiff would have been fired even absent her protected activity). At this stage, the Court must accept all of Plaintiff's allegations as true. Plaintiff has sufficiently stated a plausible claim for retaliation, including the causation element, and therefore, this aspect of Defendant's motion is denied.

## CONCLUSION

For the reasons stated above, Defendant's motion to dismiss (R. 20) is granted in part and denied in part. Plaintiff's demotion and failure-to-promote claims are dismissed with prejudice.

The parties should exhaust all remaining settlement possibilities for this lawsuit in light of this opinion, prior to July 14, 2008. A status hearing will be held in open court to set a final litigation schedule, including a trial date, on **July 17, 2008**, at **9:45 a.m.** unless this Court is notified that this case has been settled.

ENTERED:

Judge Ruben Castillo
United States District Court

Dated: June 30, 2008