**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| BEVERLY A. MULL, | ) | |
| | ) | |
| Plaintiff, | ) | No. 07 C 6965 |
| | ) | |
| vs. | ) | Judge Castillo |
| | ) | Magistrate Judge Ashman |
| ABBOTT LABORATORIES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO**
**PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant Abbott Laboratories ("Abbott"), by its undersigned counsel, answers

Plaintiff Beverly A. Mull's ("Plaintiff's") First Amended Complaint as follows:

1.     This is a civil action seeking monetary damages against Abbott for violations of plaintiff's civil rights under Title VII of the Civil Rights Act, as amended.

**ANSWER:**     Abbott admits the allegations contained in paragraph 1.

**Jurisdiction**

2.     This court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343(a), and 1367.

**ANSWER:**     Abbott admits the allegations contained in paragraph 2.

**Venue**

3.     Venue is proper in this district under 28 U.S.C. § 1391(b).

**ANSWER:**     Abbott admits the allegations contained in paragraph 3.

**Parties**

4.     At all relevant times, plaintiff is a black, female former employee of defendant.

**ANSWER:**     Abbott admits the allegations contained in paragraph 4.

5.      At all relevant times, defendant, Abbott, was and is a corporation organized to do business in the State of Illinois which employed more than fifteen (15) persons and with its principle place of business located at 100 Abbott Road, Abbott Park, Illinois 60064.

**ANSWER:**      Abbott admits the allegations contained in paragraph 5.

## General Factual Allegations

6.      Plaintiff began her employment as an administrative assistant with defendant on or about January, 2001, and at the time of her release, she held the position of administrative assistant.

**ANSWER:**      Abbott admits the allegations contained in paragraph 6.

7.      In 2003, plaintiff went on a business trip with a co-worker on behalf of defendant and timely submitted to defendant all of her receipts associated with expenses she incurred during the trip for reimbursement.

**ANSWER:**      Abbott admits that in 2003 Plaintiff attended a conference in Orlando, Florida with a co-worker, but denies that Plaintiff was authorized to submit any expenses incurred during the trip for reimbursement.  Otherwise, denied.

8.      On or about the end of August, 2003, plaintiff was promoted to a part-time position of document specialist for defendant, and plaintiff acted as an administrative assistant for remaining portion of her employment with defendant.

**ANSWER:**      Abbott denies that Plaintiff was ever promoted to a part-time position of document specialist.  Further answering, Abbott states that Plaintiff was employed as an administrative assistant throughout her entire employment with Abbott.  Otherwise, denied.

9.      In April, 2004, plaintiff was promoted to a full time document specialist for defendant, and she no longer conducted her duties as an administrative assistant for defendant.

**ANSWER:**      Abbott denies the allegations contained in paragraph 9.

10.    In July, 2004, defendant hired a non-black person to act as a document specialist for defendant. Plaintiff was then asked to train this new hire in connection with conducting the document specialist position, and she did do so.

**ANSWER:**    Abbott denies the allegations contained in paragraph 10.

11.    In April, 2005, plaintiff was demoted back to an administrative assistant position with defendant, but defendant promised plaintiff at this time that she would soon be re-promoted back to a full time document specialist position because a new opening was soon to become available.

**ANSWER:**    Abbott affirmatively states that on June 30, 2008, the Court dismissed Plaintiff's failure to promote claim with prejudice.  To the extent an answer to paragraph 11 is required, Abbott denies the allegations contained in paragraph 11.

12.    Upon learning of her demotion, plaintiff, on or about April, 2005, filed a complaint with her immediate supervisor and with defendant's divisional vice president of employee relations. Thereafter, plaintiff continued to complain to defendant about her said demotion.

**ANSWER:**    Abbott admits that Plaintiff filed a complaint with Human Resources in March of 2005.  Otherwise, denied.

13.    In response to these complaints, defendant, on or about May, 2005, then provided plaintiff with additional compensation in the form of paying plaintiff additional wages making up the difference in wages plaintiff earned when she was demoted to an administrative assistant and what she would have earned as a full time document specialist.

**ANSWER:**    Abbott denies the allegations contained in paragraph 13.

14.    In late June or early July, 2005, despite defendant's representation otherwise, defendant hired a new non-black individual to serve as a document specialist and failed to promote plaintiff back to her prior document specialist position.

**ANSWER:**    Abbott affirmatively states that on June 30, 2008, the Court dismissed

Plaintiff's failure to promote claim with prejudice.  To the extent an answer to paragraph 14

is required, Abbott denies the allegations contained in paragraph 14.

> 15.    In early August 2006, plaintiff was called to a meeting
> where she was questioned about her business expenses
> associated with her business trip back in 2003 described
> above in paragraph 7 and a personal vacation she took in
> February, 2006.

**ANSWER:**    Abbott admits that in August of 2006, Plaintiff was questioned by Abbott's

Global Security concerning, among other things, failing to comply with company policies

with regard to a February 2006 personal trip and a 2003 trip.  Otherwise, denied.

> 16.    All of the paperwork and approvals for the two trips, and
> any business expenses associated therewith, described in
> the above paragraph were properly tendered to and
> obtained from defendant.

**ANSWER:**    Abbott denies the allegations contained in paragraph 16.

> 17.    On August 8, 2006, defendant terminated plaintiff from
> defendant's employment under the guise of failing to
> comply with defendant's polices and procedures
> concerning the trips described above in paragraph 15,
> while two other less qualified and less experienced non-
> black individuals, one of which she trained, were
> retained by defendant as document specialists.

**ANSWER:**    Abbott admits that Plaintiff's employment with Abbott was terminated on

August 8, 2008 for violation of Abbott policies.  Otherwise, denied.

> 18.    On September 20, 2006, in response to her termination,
> plaintiff filed a charge with the Equal Employment
> Opportunity Commission alleging discrimination by
> defendant on the basis of her race, black, and for
> retaliation in violation of Title VII of the Civil Rights
> Act, and a copy of said charge is attached hereto as
> Exhibit A.

**ANSWER:**    Abbott admits the allegations contained in paragraph 18.

19.     On September 13, 2007, after a full investigation, the EEOC issued a right to sue letter, and a true and accurate copy the EEOC determination letter is attached as plaintiff's Exhibit B.

**ANSWER:**     Abbott admits that the EEOC issued Plaintiff a right to sue letter on September 13, 2007, and that a true and accurate copy of the right to sue letter is attached as Exhibit B to Plaintiff's First Amended Complaint.  Otherwise, denied.

### Count I - Title VI Racial Discrimination

1-19.     Plaintiff restates and re-alleges paragraphs 1-19 as paragraphs 1-19 herein.

**ANSWER:**     Abbott incorporates its answers to Paragraphs 1-19.

20.     Abbott demoted plaintiff on the basis of her black race from her position as document specialist and hired two less qualified, non-black individuals to serve as document specialist over plaintiff; even though plaintiff had worked for the company for over six (6) years, had satisfactorily performed the job of document specialist for approximately 14 months, and had been promised to be re-promoted after she was demoted to the position of document specialist once another opening became available, in violation of Title VII of the Civil Rights Act, as amended.

**ANSWER:**     This Court dismissed the claims contained in paragraph 20 of Count I with prejudice in its Memorandum Opinion and Order dated June 30, 2008, and therefore no answer is required.

21.     As a result of said discrimination, plaintiff has lost her full time employment with defendant as a document specialist, lost wages, lost insurance benefits, and had to hire an attorney to enforce her rights.

**ANSWER:**     Abbott denies the allegations contained in paragraph 21 of Count I.

### Count II - Retaliation

1-19.     Plaintiff restates and re-alleges paragraphs 1-19 as

paragraphs 1-19 herein.

**ANSWER:**     Abbott incorporates its answers to Paragraphs 1-19.

20.     The purported basis that defendant terminated plaintiffs employment on August 8, 2006 for failing to comply with company policy concerning two trips she took in 2003 and were pre-textual and not the true basis of defendant's termination of plaintiff's employment.

**ANSWER:**     Abbott denies the allegations contained in paragraph 20 of Count II.

21.     Defendant terminated plaintiff's employment in retaliation for plaintiffs prior complaints of discrimination described in paragraph 12 and 13.

**ANSWER:**     Abbott denies the allegations contained in paragraph 21 of Count II.

22.     Because of defendant's wrongful termination of plaintiff in retaliation for her complaints of discrimination, plaintiff has lost her full time employment with defendant, lost wages, lost insurance benefits, and had to hire an attorney to enforce her rights.

**ANSWER:**     Abbott denies the allegations contained in paragraph 22 of Count II.

23.     Defendant's retaliation against plaintiff was a purposeful and deliberate violation of plaintiff's federally protected rights so as to warrant the imposition of punitive damages to punish defendant and deter defendant flout engaging in similar wrongful conduct in the future.

**ANSWER:**     Abbott denies the allegations contained in paragraph 23 of Count II.

## AFFIRMATIVE DEFENSES

Defendant, Abbott Laboratories ("Abbott"), by and through its attorneys, hereby asserts the following Affirmative Defenses to Plaintiff's First Amended Complaint:

**AFFIRMATIVE DEFENSE 1:**     Abbott had good cause for terminating Plaintiff not related to her race or in retaliation for any complaint she asserted.

**AFFIRMATIVE DEFENSE 2:**     Plaintiff's claims are barred to the extent that they were not

-6-

brought within the statute of limitations.

**AFFIRMATIVE DEFENSE 3:**    Plaintiff's claims are barred by the doctrine of unclean hands.

**AFFIRMATIVE DEFENSE 4:**    All actions taken by Abbott with regard to Plaintiff were lawful and were made in good faith compliance with applicable provisions of law, rules and regulations.

**AFFIRMATIVE DEFENSE 5:**    Plaintiff's claims are barred to the extent that they are outside the scope of her administrative charge.

**AFFIRMATIVE DEFENSE 6:**    Plaintiff's claim for damages is barred to the extent she has failed to mitigate her damages.

**AFFIRMATIVE DEFENSE 7:**    To the extent Plaintiff suffered any damages as alleged, such damages were caused or contributed to by Plaintiff's own actions or the actions of others over whom Abbott exercised no control.

**AFFIRMATIVE DEFENSE 8:**    Even if it were determined that Abbott impermissibly considered Plaintiff's membership in a protected class or any other unlawful factor in its decision to take an employment action with respect to Plaintiff (which Abbott denies), Abbott nevertheless would have taken the same action in the absence of the impermissible motive or motives, thus barring Plaintiff's claim for damages.

WHEREFORE, Defendant Abbott Laboratories respectfully requests that the Court enter a judgment in its favor and against Plaintiff as follows:

(a)  dismissing Plaintiff's First Amended Complaint with prejudice; and

(b)  granting Defendant Abbot Laboratories such other and further relief as the Court deems just and proper.

Dated:  July 22, 2008                    Respectfully submitted,

                                         Abbott Laboratories


                                         By: /s/ Kerry K Donovan
                                              One of Its Attorneys


David E. Morrison
Kerry K. Donovan
GOLDBERG KOHN BELL BLACK
   ROSENBLOOM & MORITZ, LTD.
55 East Monroe Street, Suite 3300
Chicago, Illinois  60603
(312) 201-4000

## <u>CERTIFICATE OF SERVICE</u>

The undersigned, an attorney, certifies that on July 22, 2008, she caused a true copy of **Defendant's Answer to Plaintiff's First Amended Complaint**, to be served via the U.S. District Court's electronic notification system upon:

Stuart M. Nagel
Chalmers & Nagel, P.C.
100 West Kinzie, Suite 250
Chicago, Illinois 60610
(312) 346-0880


<u>/s/ Kerry K. Donovan</u>